## No. 126.

### O. F. MULHAUPT VS. PETER YOUREE.

The burden is on the vendor, in a sale with the pact of redemption, to prove that the contract was one of mortgage or of *antichresis*, when possession was given to the purchaser.

Written evidence alone is admissible between the parties, when fraud or error is not alleged.

Interrogatories may be propounded to the vendee, but his answers, uncontradicted by written evidence, showing the reality of the transaction, will conclude the vendor.

If not exercised within the delay agreed, and according to the terms of the contract, the right of redemption will be considered as forfeited.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*J. H. Shepherd* for Plaintiff and Appellant:

Two instruments parts of same contract must be construed together, and where one has superseded or followed the other, reference may be had to the latter to explain any ambiguity. 9 R. 30; 3 R. 171; 2 An. 92.

No construction rendering important expressions useless is admissible. 12 M. 114; 4 N. S. 85; 8 N. S. 365; 12 L. 539; 3 R. 171; 3 An. 578; 4 An. 485.

Documents in form of sale shown by a counter letter or its equivalent interrogatories of facts and articles to have been made without such intention, cannot serve as a sale. 23 An. 658, 666; 28 An. 357; 31 An. 348.

A tender, sufficient or insufficient, in presence of witnesses preserves the right to redemption, and authorizes a suit, the necessity of tender or consignment is dispensed with where a party absolutely refuses to receive anything. 14 L. 214.

Contemporaneous writings or their equivalents must be construed together. 21 An. 505; 29 An. 567.

In a sale with right of redemption a stipulation for interest converts the same into a loan, and the property sold, a pledge for the security of the debt. See Patterson vs Bonner, 14 L. 214, 235.

*Alexander & Blanchard* for Defendant and Appellee:

1. As between the parties to an authentic act of sale of immovable property, no evidence is admissible to show fraud, simulation, or to vary the written instrument, except a counter letter or admissions of defendant in answer to interrogatories on facts and articles. C. C. 2236, 2275, 2276; 4 L. 166; 19 L. 409; 10 R. 466; 12 An. 739.

No fraud or error is alleged in this case.

2. The answers of a party "interrogated on oath," as provided for by Article 2275 of the Civil Code, cannot be contradicted by parol. 3 L. 118; 4 R. 466; 10 An. 132; 12 An. 114; 26 An. 251.

Nor can the extra-judicial admissions and confessions of a party thus interrogated be proved by parol. C. C. 2290; 30 An. 898; 32 An. 635.

3. The party availing himself of the confessions made in the answers to interrogatories on facts and articles, cannot divide them; they must be taken entire. 31 An. 869, and numerous authorities therein cited.

4. Article 354 of the Code of Practice, which provides that the answers of a party interrogated on facts and article, may be disproved, does not apply to cases in which the title to immovables is involved, and when written evidence is alone admissible. 10 An. 132, 704; 12 An. 114.

5. The debtor, in an alternative obligation, has the option to deliver or perform either one of the two things promised, but he cannot divide it, and force the creditor to receive part of one and part of the other. C. C. 2069; 4 R. 54; Pothier on Obligations, Sec. 247.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action to annul a sale with the pact of redemption, on the ground that the contract was one of mortgage or of antichresis.

The defense is, that the agreement was a *vente à rémété;* that within the delay allowed for the redemption, defendant loaned plaintiff a certain sum of money to be refunded on a particular day, under penalty of a forfeiture of the right to redeem; that by the failure of plaintiff to pay on the day stated he lost the right of acquiring the property.

The District Judge considered the transaction as a sale with the pact of redemption, but rendered judgment annulling the same, on payment of a certain sum by plaintiff, within a stated delay.

From this judgment the plaintiff appeals. No amendment is asked by the defendant.

The evidence shows, that on the 5th of March, 1880, the plaintiff sold to defendant certain real estate and an interest in a market, for the sum of five thousand dollars, reserving the right of redeeming the same on return of the price, at the end of three years; that the defendant, the purchaser, was *put in possession* of the property thus sold; that on August 20th, 1881, defendant loaned plaintiff $1,500 with the condition that, if the same was not paid back on the 1st of January, 1882, the plaintiff would then forfeit the right of redemption reserved in the act of March 5th, 1880; that the time of redemption was extended to March 5th, 1883; that the plaintiff did not then tender the whole amount required to redeem the property.

In his inability to produce any written evidence, which was the only admissible proof in the absence of a charge of fraud or error, to show that the contract was one of mortgage or of antichresis, the plaintiff ventured to probe the conscience of his adversary, who answered the interrogatories in a manner which establishes his defense.

The reasons assigned by the District Judge show an elaborate and thorough investigation of the differences of the parties, and justify his conclusions.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed with costs.